## BALTIMORE AND OHIO RAILROAD COMPANY ET AL. *v.* PUBLIC SERVICE COMMISSION OF INDIANA ET AL.*

[No. 26,034. Filed July 24, 1931. August 6, 1931—motion to dissolve injunction sustained, effective midnight August 31, 1931. Appellants waived petition for rehearing and certification of opinion ordered on September 1, 1931.]

*J. L. Aber* and *Pickens, Davidson, Gause, Gilliom & Pickens,* for appellants.

*James M. Ogden,* Attorney-General, *Connor D. Ross,* Assistant Attorney-General, and *Arnet B. Cronk,* for appellees.

*Henry H. Hornbrook* and *William G. Sparks, Amici curiae.*

*Former appeal reported *supra* p. 449.

TREANOR, J.—The appellants filed their complaint in the superior court of Marion County against appellees, praying the court to set aside certain orders of appellee Public Service Commission of Indiana and asking for a restraining order and temporary injunction pending final hearing, and for a permanent injunction upon final hearing. Appellees demurred to appellants' amended complaint on the ground that the superior court was without jurisdiction both of person and subject-matter. The demurrer was sustained, and, upon appellants' refusal to plead over, judgment was entered for appellees. The sole question presented on appeal is the alleged error of the trial court in sustaining the demurrer.

The complaint shows on its face that, on September 14, 1928, the appellee commission entered an order fixing certain freight rates to be charged by appellants, and providing that the new rates go into effect December 1, 1928, on 10 days' notice; that, on October 6, 1928, appellee commission, on its own motion, entered an order amending the first paragraph of the order of September 14, 1928; that, on November 19, 1928, the appellants filed a petition for "reargument before the entire commission and postponement of the effective date of the order in Docket 9017, approved September 14, 1928"; that, on November 20, 1928, the commission denied the petition on the ground that it had not been "seasonably filed"; that, on November 22, 1928, the commission, on its own motion, made the following order: "By the Commission: On November 19, 1928, J. L. Aber, attorney for respondents in the above entitled proceeding, filed with the Commission a petition for reargument before the entire Commission and postponement of the effective date of the order on Docket 9017, approved September 14, 1928. On November 20, 1928, the Commission issued an order denying said petition.

"Upon further consideration of respondents' request

for a postponement of the effective date of said order approved September 14, 1928, the Commission is of the opinion that an extension of time for a 30-day period from December 1, 1928, should be granted. · It is therefore ordered by the public service commission of Indiana that the first, second and third paragraphs of the order in said cause approved September 14, 1928, be modified by eliminating therefrom the words 'on or before December 1, 1928,' and substituting therefor in each of said paragraphs the words, 'on or before January 1, 1929.' It is further ordered that the order approved September 14, 1928, shall in all other respects remain unchanged."

On December 7, 1928, as also shown by the complaint, the appellants filed with the commission a petition for a rehearing, which petition was overruled on the ground that it was not filed within the time prescribed by statute, the relevant portion of the statute being as follows: "Any carrier, or other party, dissatisfied with any final order made by the Commission may, within twenty days after the entry thereof, file with the Commission a petition for rehearing, specifically stating therein the grounds or reasons for such rehearing." §12819 Burns 1926.

The petition of December 7, 1928, was filed within 20 days of November 22, 1928, and if the petition had sought a rehearing of the order of November 22, 1928, as an order merely postponing the effective date of the order of September 14, 1928, it clearly was "seasonably filed." If it be considered as a petition for a rehearing directed to the order of September 14, 1928, as an independent order of September 14, 1928, then it was not filed within the statutory period. But the appellants insist that the order of November 22, 1928, is, "in effect, a new order, embodying not only the amendment, but all the matters previously considered in other orders," etc.

The content of an order of the Public Service Commission is what is expressly set out in the order or what the order itself incorporates by reference. The order of November 22, 1928, does not purport to set out the content of previous orders, and the effect of the third and fourth paragraphs is exactly the same as if there had been merely the statement that the effective date of the order of September 14, 1928, had been extended 30 days. The fifth paragraph cannot be said to incorporate the order of September 14, 1928, since it expressly recognizes the continued existence of the order as of September 14, 1928. In short, we construe the order of November 22 as merely extending the effective date of the September 14 order for 30 days, and hold that it does not affect the finality of the previous order or orders.

The order of September 14, 1928, was a final order, and, since appellants' complaint shows on its face (1) that they are asking to have the order of September 14, 1928 set aside and its enforcement enjoined, and (2) that no petition for a rehearing was filed within 20 days of the entry of that order, and since, under the statute, the filing of a petition for rehearing within 20 days after the entry of a final order is a condition precedent to a court's acquiring jurisdiction to review such order, there was no error by the trial court in sustaining appellees' demurrer to appellants' complaint.